UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>ROBBIN M. COKER,<br><br>            Defendant. | Case No. 2:09-CV-02012-JAM-DAD<br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS |

   This matter is before the Court on Defendant Robbin M. Coker's ("Defendant's") Motion to Dismiss (Doc. 12) Plaintiff the United States of America's ("Plaintiff's") First Amended Complaint ("FAC") (Doc. 5).  The FAC brings a claim for relief against Defendant under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 et seq.  Defendant seeks dismissal of the FAC based on Federal Rule of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(4) and 12(b)(5).  Plaintiff opposes the motion.[1]  Defendant did not submit a reply brief addressing any of the points raised in Plaintiff's

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

opposition brief.  For the reasons set forth below, Defendant's motion is denied.

### I.   Factual and Procedural Background

The FAC alleges that on May 1, 1996, Defendant signed an "Application/Promissory Note" consolidating various college and law school loans through the Student Marketing Loan Association's ("Sallie Mae") Smart Loan Account.  The loan amounted to $60,466.00 at 9% interest per annum.  Sallie Mae disbursed the loan proceeds on December 17, 1996.  In June 1998, Defendant defaulted on the loan.

Plaintiff alleges that pursuant to Title IV of the Higher Education Act of 1965, as amended 20 U.S.C. §§ 1071-1087ii, the loans were guaranteed loans for which the United States Department of Education provides reinsurance to the guarantor in the event of a debtor's default.  When Defendant defaulted, the loan guarantor paid Sallie Mae its claim for the unpaid debt, and then Plaintiff reimbursed the guarantor under the reinsurance agreement.  The guarantor assigned Plaintiff its right and title to the loan on August 18, 2003.  Plaintiff alleges that it has demanded payment, but Defendant has failed to repay the defaulted loan.  As of August 28, 2009, Defendant owes Plaintiff $138,867.73, and interest continues to accrue on the principal sum at a daily rate of $17.25.  Plaintiff also seeks to recover a surcharge of 10% of the amount due and owing to compensate it for its attorneys' fees and collection costs pursuant to 28 U.S.C. § 3011.

Plaintiff filed the original complaint (Doc. 1) in this Court on July 21, 2009.  Plaintiff filed the FAC on August 28, 2009.

Shortly thereafter, Defendant filed for bankruptcy under Chapter 13 of the Bankruptcy Code.  Accordingly, this case was stayed pursuant to an automatic stay.  (Doc. 6).  The stay was lifted on January 21, 2010 when Defendant's bankruptcy petition was dismissed.  (Doc. 7).  Plaintiff served Defendant in North Carolina via substituted service on January 28, 2010.  Defendant allegedly no longer resides in California, and now moves to dismiss the FAC for lack of personal jurisdiction, improper venue, insufficient process and insufficient service of process.

## II.  Opinion

### A. Legal Standard

Federal Rule of Civil Procedure 12(b) sets forth defenses that may be raised in response to claims for relief, including lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim, and failure to join a party under Rule 19.  Fed. R. Civ. Proc. 12(b).  A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.  If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim.  No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.  Id.  A party waives any defense listed in Rule 12(b)(2)-(5) by (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either make it by motion under this rule or include it in a responsive pleading or in an amendment allowed by Rule

1   15(a)(1) as a matter of course.  Fed. R. Civ. Proc. 12(h).

2

3       B.   Defenses under Federal Rule of Civil Procedure 12(b)

4           1.   Federal Rule of Civil Procedure 12(b)(2)

5       Defendant moves the Court to dismiss the FAC for lack of

6   personal jurisdiction.  Plaintiff contends that the Court has

7   personal jurisdiction over the FAC.  Federal Rule of Civil

8   Procedure 12(b)(2) allows a party to assert lack of personal

9   jurisdiction as a defense.  When a defendant challenges personal

10  jurisdiction, the plaintiff bears the burden of establishing the

11  court's personal jurisdiction over the defendant. Cubbage v.

12  Merchant, 744 F.2d 665,667 (9th Cir. 1984).  If the district court

13  does not conduct an evidentiary hearing on the jurisdictional

14  challenge, a plaintiff need only make a prima facie showing of

15  personal jurisdiction. Action Embroidery Corp. v. Atlantic

16  Embroidery, Inc., 368 F.3d 1174, 1177 (9th Cir. 2004).  In

17  determining if a prima facie showing has been made, the court must

18  take the uncontroverted allegations of the complaint as true, and

19  conflicts between the parties' affidavits must be resolved in

20  plaintiff's favor. Id.

21      Defendant's Motion to Dismiss alleges that Defendant resides

22  in North Carolina, and is therefore not subject to personal

23  jurisdiction in California.  However, as Plaintiff points out, the

24  FDCPA authorizes nationwide service of process over defendants

25  indebted to the United States.  28 U.S.C. § 3004.  The Ninth

26  Circuit has found that federal statutes that authorize the service

27  of process beyond the boundaries of the forum state likewise expand

28  the personal jurisdiction of the courts within that forum.  See Go

1 Video, Inc. v. Akai Elec. Co., Ltd., 885 F.2d 1406, 1414 (9th Cir.
2 1989) (upholding personal jurisdiction over a foreign corporation
3 under Section 12 of the Clayton Act, 15 U.S.C. § 22).  The FDCPA's
4 nationwide service of process provision similarly confers national
5 jurisdiction.  Reese Bros. V United States Postal Service, 477 F.
6 Supp. 2d 31 (D.D.C. 2007), citing Go-Video, 885 F.2d at 1414.
7 Furthermore, "when a statute authorizes nationwide service of
8 process, national contacts analysis is appropriate.  In such cases,
9 due process demands a showing of minimum contacts with the United
10 States with respect to foreign defendants before a court can assert
11 personal jurisdiction.  Action Embroidery, 368 F.3d at 1180
12 (holding that a Virginia corporation operating in the United States
13 clearly had such minimum contacts).

14      Thus, Plaintiff need only show that Defendant has sufficient
15 minimum contacts with the United States so as not to violate the
16 'traditional notions of fair play and substantial justice.'  Reese,
17 477 F. Supp. 2d at 39, quoting Int'l Shoe Co., v. Washington, 326
18 U.S. 310, 316 (1945).  The evidence submitted by Plaintiff shows
19 that Defendant is an attorney licensed by the State Bar of
20 California, maintains an active law practice in Sacramento,
21 California and filed two bankruptcy petitions on behalf of a client
22 in the Eastern District shortly after filing the present motion.
23 Defendant's motion alleged that Defendant is a resident of North
24 Carolina, but did not address Defendant's California law practice.
25 Nor did Defendant submit any evidence challenging or denying these
26 California contacts.  Accordingly, Plaintiff has established the
27 Defendant has minimum contacts with the state of California, thus
28 satisfying the national contacts test.  Defendant's motion to

dismiss for lack of personal jurisdiction is denied, as the Court finds that it has personal jurisdiction over Defendant.

    2.   <u>Federal Rule of Civil Procedure 12(b)(3)</u>

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to assert improper venue as a defense. Here, Defendant argues that North Carolina is the proper venue for this suit, because Defendant resides in North Carolina. However, Plaintiff argues that the Eastern District of California is the proper venue, because Defendant applied for the loan and signed the promissory note in this district.

Federal law does not limit venue to a defendant's residence. 28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1391(b), venue for a civil action is also proper in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . ." 28 U.S.C. § 1391(b)(2). As Plaintiff argues, the dispute in this case arises from the loan, which was applied for and signed in the Eastern District. Defendant listed her Sacramento law practice as the presumed source to repay the loans, and has maintained that law practice after defaulting on the loan. Hence, the Court finds that the Eastern District of California is an appropriate venue for this suit, as a substantial part of the events and omissions giving rise to the FDCPA claim occurred in this district.

    3.   <u>Federal Rules of Civil Procedure 12(b)(4)and(5)</u>

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) allow Defendant to assert insufficient process and insufficient service of process as defenses. Here, Defendant asserts both defenses, arguing that service of process was insufficient because Defendant

1 was not served in the Eastern District of California, but rather in
2 North Carolina.  Additionally, service of the FAC and the amended
3 summons was in the form of substitute service on a person described
4 as Defendant's "live in friend."  Defendant's motion to dismiss
5 alleges that Defendant has no such friend, and only received the
6 amended summons in the mail.  Defendant alleges she never received
7 a copy of the FAC.
8      Plaintiff argues that it properly executed substitute service
9 at Plaintiff's home in North Carolina.  Plaintiff submitted an
10 affidavit of its process server, attesting to service of process on
11 an adult female residing at Plaintiff's home, who accepted service
12 on Plaintiff's behalf.
13      Service of process is governed by Federal Rule of Civil
14 Procedure 4.  Once service is challenged, the plaintiff bears the
15 burden of establishing that service was valid under Rule 4. Callans
16 v. U.S. Postal Service, 2006 WL 3491141, *2 (N.D. Cal. Dec. 1,
17 2006), citing Brockmeyer v. May, 383 F. 3d 798, 801 (9th Cir.
18 2004).  Factual questions concerning a 12(b)(5) motion, regarding
19 the manner in which service was executed, may be determined by the
20 court through affidavits, depositions, or oral testimony.
21 Covington v. U.S., 1991 WL 11010699, *1 (N.D. Cal. Dec. 20, 1991).
22      Rule 4(e)(2)(B) authorizes serving an individual within a
23 judicial district of the United States by leaving a copy of the
24 summons and complaint at the individual's dwelling or usual place
25 of abode with someone of suitable age and discretion who resides
26 there.  As previously discussed, the FDCPA authorizes nationwide
27 service of a summons and complaint.  Here, Plaintiff submitted an
28 affidavit of service from its process server, attesting to service

1  of process at Defendant's home in North Carolina.  Defendant did
2  not submit any affidavit regarding service or lack thereof, and did
3  not submit a reply brief responding to the evidence of service
4  presented by Plaintiff.  Plaintiff has shown that service was
5  properly executed at Defendant's North Carolina home, meeting its
6  burden of proof to overcome Defendant's 12(b)(5) challenge.  With
7  respect to 12(b)(4), Defendant has not articulated any specific
8  objection to process under 12(b)(4).  Accordingly this defense is
9  also denied.

10      4.   <u>Federal Rule of Civil Procedure 15</u>

11      Lastly, Defendant argues that the amended complaint was not
12  timely under Federal Rule of Civil Procedure 15 and should
13  therefore be dismissed.  Plaintiff is correct that Defendant cites
14  the version of Rule 15 that went into effect on December 1, 2009.
15  Plaintiff's complaint was amended prior to that date, and therefore
16  not subject to the timing requirement imposed after December 1,
17  2009.  The FAC was served after December 1, 2009, due to the
18  automatic bankruptcy stay that was in place.  Accordingly, the FAC
19  is timely.

20

21                        III. <u>Order</u>

22     For the reasons set forth above, Defendant's Motion to Dismiss
23  is hereby DENIED.

24      IT IS SO ORDERED.

25

26  Dated: October 21, 2010            _____
27                                  JOHN A. MENDEZ,
                                UNITED STATES DISTRICT JUDGE
28